UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| OLIVER SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV412-262 |
| ) | |
| WILLIAM DANFORTH, *Warden*, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Oliver Scott, an inmate at Telfair State Prison in Helena, Georgia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the case should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 118-20 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (quoting *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 555 U.S. at 119. The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Here, petitioner was convicted in the Chatham County Superior Court for robbery and kidnapping with bodily injury on March 8, 2006. (Doc. 1 at 1.)  The following day, he was sentenced to life without parole plus twenty years' imprisonment.  (*Id.*)  The Court of Appeals of Georgia affirmed his conviction and sentence on December 4, 2007.  *Scott v. State*, 288 Ga. App. 738 (2007).  Scott "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court."  *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1).  He did not.  (Doc. 1 at 3.) Consequently, his judgment became final, and the one-year § 2254 limitations period accrued, on March 3, 2008, when his time for filing a petition for certiorari to the United States Supreme Court expired.  Scott did not seek collateral relief in state court until March 24, 2010, more than two years after his case became final, so the pursuit of state habeas relief did not act to toll the federal limitations period.  *Webster*, 199 F.3d at 1259.  The instant federal petition is thus untimely.

Moreover, Scott has failed to exhaust his state remedies.  His state habeas petition was denied on October 28, 2011, and he applied to the Supreme Court of Georgia for a certificate of probable cause to appeal on

November 28, 2011. (Doc. 1 at 4.) The matter has yet to be decided. (*Id.* at 12); *see* Supreme Court of Georgia Computerized Docketing System, http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S12H0507.  Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *Id.*; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Scott has not yet completed state habeas review, hence his petition is unexhausted. *Cf. Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (in order to fully exhaust state remedies, a § 2254 petitioner in Georgia must petition the Supreme Court of Georgia for a certificate of probable cause to appeal the denial of his state habeas petition).

4

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time-barred or unexhausted. *See Jackson v. Sec'y for Dept. of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (permitting *sua sponte* Rule 4 dismissal for time-barred petitions). As the instant petition is both untimely and unexhausted, it should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  14th  day of January, 2013.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA